When this cause was heretofore heard everything was disposed of except the claim set up by the plaintiff to have an account and contribution from the defendant because of property of William Dickey, the supposed insolvent, and the defendant's intestate, which was alleged to have come to the hands of the defendant. Upon this part of the case we then forbore to decide, because we deemed it essential that Daniel Harvey should be made a party. The plaintiff hath since amended his bill, and therein stated that the said Daniel Harvey had died, and the plaintiff had duly administered on his estate, and insisting *Page 308 
that the defendant was bound in equity to divide all the funds which had or might come into his hands of the estate of the said William Dickey, in such manner as to make the loss fall equally upon the solvent sureties, prays for the necessary accounts, and for relief accordingly. The defendant insists by his answer that the plaintiff hath no right to call upon him for any contribution because of funds of the said William Dickey either received or to be received by him, except for any excess thereof after remunerating the defendant for what he paid because of the said William's supposed insolvency, and states his belief that there will not be any such excess.
The position taken by the defendant is, in our judgment, correct. While the relation of joint sureties exist, funds received by one of the joint sureties (except under special circumstances, not necessary to be now stated) for the discharge of or as indemnity against his liability, are to be applied for the common benefit of the sureties. But after this connection has been severed, each of the sureties has his distinct and several claim to prosecute because of what he has paid for his principal, and the others have no right to demand participation in what his diligence may enable him to procure while thus prosecuting this several claim. So when one of several sureties neglects to pay his part (378) of the debt of an insolvent principal, and the whole is paid by the other sureties, then as to the sums respectively paid by them to make up his deficiency, he stands to each of them as a principal, and each in like manner has a several claim to prosecute against him to this extent.
The defendant administered on the estate of William Dickey, and has a right to avail himself of all the privileges of an administrator to reimburse himself out of the estate of his intestate for what his intestate owed him. The plaintiff's debt is of the same dignity. The demands are distinct, and the defendant, in conscience as in law, may retain as against the plaintiff for the full satisfaction of his own demand.
The plaintiff has a right, if he chooses, to have an account of the estate of William Dickey, in the hands of the defendant, the administrator, applicable as assets to the satisfaction of the plaintiff after allowing this retainer to the defendant for the full amount of his own loss. It is for him, however, to consider whether he will run the risk of taking such an account. He may elect to do so at any time within the first twenty days of the next term. If he does not so elect, the bill to stand dismissed, with costs.
PER CURIAM. Decree accordingly.
Cited: Smith v. Richards, 129 N.C. 267. *Page 309 
(379)